UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES WALLEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CONSUMER REPORTS, INC.<br><br>      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

  Plaintiff James Wallen ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Consumer Reports, Inc. ("Consumer Reports" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

  1. Defendant Consumer Reports is a magazine publisher that derives revenue in at least two ways: First, it sells subscriptions to its *Consumer Reports* magazine to consumers; and second, it sells the identities of its magazine subscription consumers to various third parties, including data miners, data aggregators, data appenders, data cooperatives, and list brokers.

  2. By selling a product comprised entirely of its magazine subscribers' identities—without their consent—Defendant has violated, and continues to violate, Ohio's misappropriation of name and likeness statutes. *See* Ohio Revised Code Sec. 2741.01, *et. seq*.

  3. To supplement its revenues, Consumer Reports rents, exchanges, or otherwise discloses its customers' information—including their full names, titles of publications subscribed to, and home addresses, as well as myriad other categories of individualized data and demographic

information such as gender, ethnicity, and religion—to data aggregators, data appenders, data cooperatives, and other third parties without the consent of its customers.

4. By renting, exchanging, or otherwise disclosing – rather than selling – its customers' names and identities, Consumer Reports is able to disclose the information time and time again to countless third parties.

5. Consumer Reports' disclosure of names and identities and other individualized information is not only unlawful but is also dangerous, because it allows malignant actors to target particular members of society. For example, anyone could buy a customer list provided by Consumer Reports that contains the names and addresses of all men who live in Oak Harbor, Washington, and subscribe to *Consumer Reports*. Such a list is available for sale on the open market for approximately $134.00 per thousand subscribers listed.

6. While Consumer Reports profits handsomely from the unauthorized rental, exchange, and/or disclosure of its customers' names and identities and other individualized information, it does so at the expense of its customers' statutory privacy rights because Consumer Reports does not obtain its customers' consent prior to disclosing their names and identities.

**DEFENDANT MISAPPROPRIATES PLAINTIFF'S IDENTITIES**

7. Ohio's misappropriation of name or likeness statute states that: "a person shall not use any aspect of an individual's persona for a commercial purpose." OH ST § 2741.02 (the "Ohio Statute").

8. One of the ways that the Ohio Statute defines commercial purpose is "the use of or reference to an aspect of an individual's persona … [o]n or in connection with a place, product, merchandise, goods, services, or other commercial activities." OH ST § 2741.01(B).

9. Selling the names and subscriber information as detailed above clearly constitutes using a person's name on and/or in connection with a product, service, and/or other commercial activity.

10. Additionally, neither Plaintiff nor class members provided Defendant with consent to use their identities in Defendant's products or other commercial activities. As detailed above, Consumer Reports uses class members' names and identities in its products, services, and/or other commercial activities. Thus, Defendant violates Ohio Revised Code Sec. 2741.01, *et. seq.*

11. Plaintiff is not challenging Defendant's core business as a magazine publisher. Defendant could easily maintain its business model while still complying with Ohio state law.

12. Consumer Reports knowingly obtains private and/or identifying information from Ohio residents. Indeed, this lawsuit concerns Defendant's business practice of acquiring identifying information about Ohio residents with the specific intent of selling that information to its customers.

13. Additionally, Consumer Reports directly sells its services to consumers in Ohio.

## PARTIES

14. Plaintiff James Wallen is a citizen of Ohio who resides in Orrville, Ohio.

15. Defendant Consumer Reports, Inc. is a New York not-for-profit corporation with its principal place of business at 101 Truman Avenue, Yonkers, NY 10703. Consumer Reports does business throughout Ohio, New York, and the entire United States.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, is a citizen of a state different from Defendant.

17. This court has specific personal jurisdiction over Defendant because Consumer Reports maintains its principal place of business in this district.

18. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant is at home in this district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

*Consumer Reports Unlawfully Rents, Exchanges, And Discloses Its Customers' Names And Identities*

19. Consumer Reports maintains a vast digital database comprised of its customers' private reading information. Consumer Reports discloses its customers' names and identities to data aggregators and appenders, which then supplement that information with additional sensitive private information about each Consumer Reports customer.

20. Consumer Reports then rents and/or exchanges its mailing lists—which include subscribers' names and identities and identify which individuals purchased subscriptions to its magazine, and can include the sensitive information obtained from data aggregators and appenders—to other data aggregators and appenders, other consumer-facing businesses, non-profit organizations seeking to raise awareness and solicit donations, and to political organizations soliciting donations, votes, and volunteer efforts.

21. Consumer Reports also discloses its customers' names and identities to data cooperatives, which in turn give Consumer Reports access to their own mailing list databases.

22. As a result of Consumer Reports' data compiling and sharing practices, companies can purchase and/or obtain mailing lists from Consumer Reports that identify Consumer Reports' customers by intimate details. Consumer Reports' disclosure of sensitive and private information puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

23. Consumer Reports does not seek its customers' prior consent, written or otherwise, for any of these disclosures, and its customers remain unaware that their names and identities and other sensitive information are being rented and exchanged on the open market.

24. Consumers can sign up for subscriptions to Consumer Reports' publications

through numerous media outlets, including the Internet, telephone, or traditional mail.  Regardless of how the consumer subscribes, Consumer Reports never requires the individual to read or affirmatively agree to any terms of service, privacy policy, or information-sharing policy.  Consequently, Consumer Reports uniformly fails to obtain any form of consent from – or even provide effective notice to – its customers before disclosing their names and identities.

25. As a result, Consumer Reports disclosed its customers' names and identities – including their reading habits and preferences that can "reveal intimate facts about [their] lives, from our political and religious beliefs to our health concerns"[1] – to anybody willing to pay for it.

## CLASS REPRESENTATION ALLEGATIONS

26. Plaintiff Wallen seeks to represent a class defined as all Ohio residents who, at any point in the relevant statutory period, had their personas rented, exchanged, and/or otherwise disclosed or whose personas were offered for rental, exchange, and/or disclosure on a mailing list rented or offered for rental by Consumer Reports without prior consent (the "Class").

27. Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds of thousands.  The precise number of class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

28. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to:

---

[1] *California's Reader Privacy Act Signed into Law*, Electronic Frontier Foundation (Oct. 3, 2011), https://www.eff.org/press/archives/2011/10/03 (last visited July 30, 2021).

      a. Whether Consumer Reports uses class members' names and identities on or in its products, services, and/or its other commercial activities for its own commercial benefit;

      b. Whether the conduct described herein constitutes a violation of Ohio Revised Code Sec. 2741.01, *et seq.*;

      c. Whether Plaintiff and the Class are entitled to injunctive relief; and

      d. Whether Defendant violated the privacy of members of the Class.

29. The claims of the named Plaintiff are typical of the claims of the Class.

30. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of class members will be fairly and adequately protected by Plaintiff and his counsel.

31. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I
### Violation of Ohio Revised Code Sec. 2741.01, *et. seq.*

32. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

33. Plaintiff Wallen brings this claim individually and on behalf of the members of the Class.

34. Ohio Revised Code Sec. 2741.01, *et. seq.*, prohibits using an individual's name for a commercial purpose without written consent.

35. One of the ways that the Ohio statute defines commercial purpose is "the use of or reference to an aspect of an individual's persona … [o]n or in connection with a place, product, merchandise, goods, services, or other commercial activities."  OH ST § 2741.01(B)

36. As shown above, Defendant used Plaintiff Wallen's and the putative class members' names and likenesses on or in connection with Defendant's products, services, or other commercial activities without the consent of Plaintiff or class members.

37. The aspects of Plaintiff's persona that Defendant uses on or in connection with its products, services, or other commercial activities have commercial value.

38. Plaintiff Wallen is domiciled and suffered injury in Ohio.

39. Defendant had knowledge that Plaintiff's persona was being used on in connection with its products, services, or other commercial activities without authorization.

40. Based upon Defendant's violation of Ohio Revised Code Sec. 2741.01, *et. seq.*, Plaintiff Wallen and members of the Class are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Wallen's and members of the Class's names and any attributes of their identities on or in connection with its products, services, or other commercial activities, (2) statutory damages in the amount of between $2,500 and $10,000 per violation to the members of the Class, (3) an award of punitive damages or exemplary damages, and (4) an award of reasonable attorneys' fees, court costs, and reasonable expenses under OH ST § 2741.07.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: October 20, 2021                           Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150

Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com

Ari J. Scharg*
Benjamin Thomassen*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro hac vice application forthcoming

*Attorneys for Plaintiff*

9